# IN THE COURT OF APPEALS OF IOWA

No. 21-1186
Filed November 2, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MARSHALL LOUIS FIELD,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Marshall Louis Field appeals his guilty pleas on an alleged defect in the plea proceedings. **APPEAL DISMISSED.**

Debra S. De Jong, Orange City, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCOTT, Senior Judge.**

Marshall Louis Field appeals his guilty pleas based on an alleged defect in his plea proceedings. He asserts the district court failed to engage in a sufficient plea colloquy, which violated his constitutional rights. Being without jurisdiction, we dismiss the appeal.

In June 2019, Field was charged with one count of eluding, a class "D" felony, and one count of operating while intoxicated (OWI), second offense, and one count of driving while barred, both aggravated misdemeanors. He was also alleged to be a habitual offender. Field was on probation at the time of these charges and was facing additional charges in other cases. A global plea agreement was reached in October with Field agreeing to participate in ordered drug court. If Field successfully completed the drug court program, the State agreed Field would plead only to eluding. But if Field were unsuccessfully discharged, he would plead to all the counts and the parties would seek consecutive prison sentences.

Unfortunately, in June 2021, Field violated his drug court agreement and absconded from the residential facility. He stipulated to violating the drug court agreement and requested he be terminated from the program. Pursuant to court order, Field was unsuccessfully discharged.

On July 29, 2021, Field entered written guilty pleas to the charges of eluding, OWI, second offense, and driving while barred, as well as to escape. Field waived his personal appearance at the plea hearing, as permitted by Iowa Rule of Criminal Procedure 2.8(2)(b) and the Iowa Supreme Court's COVID-19 protocol then in effect. He asked for immediate sentencing.

On July 30, a sentencing hearing was held. To supplement the written pleas, Field admitted he had a prior conviction for OWI and admitted he was driving in excess of twenty-five miles an hour above the speed limit when eluding. The State and the defense asked that the court adopt the agreed-upon sentences, which the court did. Field filed a timely notice of appeal, alleging his pleas should be set aside for failure to substantially comply with Iowa Rule of Criminal Procedure 2.8(2)(b).

The State contends Field's appeal should fail because he failed to file a motion in arrest of judgment. Field's failure to challenge the adequacy of the plea proceeding by motion in arrest of judgment precludes his ability to make that claim on appeal. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Field contends his failure to file a motion in arrest of judgment, which was a right he explicitly acknowledged in his written pleas, should be excused because he was not personally advised of his right during an in-person colloquy. However, at the time Field pled guilty, the Iowa Supreme Court had suspended the requirement for in-person guilty pleas for class "D" felonies. The suspension was upheld in *State v. Basquin*, 970 N.W.2d 643, 654–56 (Iowa 2022). Therefore, Field was not entitled to an in-person colloquy, and he waived his right to challenge any defect in the plea proceeding.

In any event, Field has not established good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3) (2021) (permitting appeal from a conviction where the defendant pled guilty if good cause is established). Good cause means a "legally

sufficient reason," which "is a ground that potentially would afford the defendant relief." *State v. Tucker,* 959 N.W.2d 140, 149 (Iowa 2021). Although Field contends that his plea could not have been made knowingly and intelligently without an in-person colloquy, our supreme court expressly declined to "expand the concept of good cause and hold that a claim that a plea is not intelligently or voluntarily made constitutes good cause to appeal as a matter of right." *Id.* at 153.

Moreover, Iowa Code section 814.29 stipulates: "If a defendant challenges a guilty plea based on an alleged defect in the plea proceedings, the plea shall not be vacated unless the defendant demonstrates that the defendant more likely than not would not have pled guilty if the defect had not occurred." Field makes no assertion that he would not have pled guilty nor does he establish a defect occurred. Because Field has not established good cause to pursue an appeal from his guilty pleas, we are without jurisdiction to hear the appeal, and it must be dismissed.

**APPEAL DISMISSED.**